NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30045 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00145-TMB-1 |
| v. | |
| COLTER WAYNE ODELL, AKA Colter W. O'Dell, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, Chief District Judge, Presiding

Submitted August 10, 2020[**]
Anchorage, Alaska

Before: RAWLINSON, MURGUIA, and R. NELSON, Circuit Judges.

Colter Wayne O'Dell pled guilty to one count of being a felon in possession

in violation of 18 U.S.C. § 922(g)(1). O'Dell's conditional plea reserved the right

to appeal the district court's denial of his motion to suppress evidence and request

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978).

On appeal, O'Dell argues that the search giving rise to his arrest violated the Fourth Amendment because the officer who requested the search warrant intentionally and recklessly omitted material information critical to assessing the credibility of four confidential witnesses ("CWs"). Specifically, O'Dell claims the officer omitted that the CWs were drug users, three of the CWs had been convicted of crimes of dishonesty, one of the CW was "dope sick" when that CW gave their statement, and all of the CWs hoped to receive benefits for their cooperation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a denial of a motion to suppress and the denial of a *Franks* hearing de novo. *United States v. Perkins*, 850 F.3d 1109, 1115 (9th Cir. 2017). The district court's underlying findings of fact are reviewed for clear error. *United States v. Gorman*, 859 F.3d 706, 714 (9th Cir. 2017).

1.      The affidavit of the officer who requested the search warrant clearly explained how each of the CWs had criminal backgrounds, ties to the criminal white supremacist 14/88 gang, and were involved in one way or another with the homicide of Michael Staton, for which O'Dell was also a suspect. If anything, the CWs' statements are reliable as statements against their penal interest. *See United States v. Roberts*, 747 F.2d 537, 544 (9th Cir. 1984); *United States v. Estrada*, 733 F.2d 683, 686 (9th Cir. 1984). Accordingly, the district court did not err in finding

2

that their testimony was sufficiently credible to support probable cause to search O'Dell's Jeep for evidence of Staton's homicide.

2. All four of the CWs testified that the victim was Michael Staton, that the assault and homicide was committed by the same individual members of the 14/88 gang, that the purpose of the assault and murder was to "de-patch"[1] Staton, and that the assault took place at one of the co-conspirator's residence. Additionally, at least two of the CWs testified that Staton's body was transported in a red Tahoe, that the assault included heating up a knife to remove Staton's "patch," and that the perpetrators burned their clothes after the attack. *Id.* This highly detailed and consistent testimony is sufficient to support probable cause. *See United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1566 (9th Cir. 1989).

3. The officer also supported the search warrant request with non-testimonial evidence corroborating the CWs' statements. For example, the request included physical evidence that blood had been cleaned up inside the apartment where the CWs said the homicide allegedly took place, cellphone location data showing that O'Dell's cellphone was at the alleged crime scene while it was taking place, and the victim's skeletal remains with evidence of gunshot wounds and broken bones, which was consistent with how the CWs described the homicide was

---

[1] "De-patching" refers to the process of removing a gang tattoo.

3

carried out. This corroborating evidence provides further support for the district court's finding of probable cause. *See United States v. Fixen*, 780 F.2d 1434, 1437–38 (9th Cir. 1986); *United States v. Freitas*, 716 F.2d 1216, 1222 (9th Cir. 1983).

4.　　Finally, there is no evidence in the record that the CWs were offered favorable treatment in exchange for their testimony. Even assuming that they were, that would only serve to corroborate the reliability of the CWs' testimony because they would not obtain favorable treatment if they testified falsely. *See United States v. Patayan Soriano*, 361 F.3d 494, 505 (9th Cir. 2004).

**AFFIRMED.**